**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 13-2125 |
| | (D.Ct. No. 2:11-CR-01587-WJ-3) |
| | (D. N.M.) |
| JOSE LIONEL GONZALES, | |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Jose Lionel Gonzales pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and one count of aiding and abetting in possession with intent to distribute fifty grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A).  The district court sentenced him to the mandatory minimum sentences of 120 months on both counts, to run concurrently.  While Mr. Gonzales appeals his sentences, his attorney has filed an *Anders* brief and a motion to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I.  Factual and Procedural Background

On October 18, 2010, an undercover agent met with Osvaldo Espinoza in a parking lot in Hatch, New Mexico, regarding the purchase of several pounds of methamphetamine.  On November 27, 2010, the agent proceeded to a meeting location in Chaparral, New Mexico, where Mr. Espinoza and another person arrived and explained the requested methamphetamine could be picked up at a different location in El Paso, Texas.  When the agent refused to travel to El Paso, other arrangements were made, and shortly thereafter an SUV arrived containing a driver and Mr. Gonzales as the passenger.  After a short discussion, Mr. Espinoza asked Mr. Gonzales to show the methamphetamine to the agent, at which time Mr. Gonzales removed a white bag from underneath his shirt and placed it before the agent.  At that point, the individuals participating in the drug sale, including Mr. Gonzales, were arrested, and another six bindles of cocaine

-2-

were found in Mr. Gonzales's possession. The agent provided Mr. Gonzales his Miranda rights, after which he admitted the cocaine was his, stating it was for his personal use. The net weight of the drugs obtained consisted of 260.67 actual grams of methamphetamine and 2.73 grams of cocaine.

On February 13, 2013, Mr. Gonzales pled guilty to the methamphetamine counts charged. During his plea hearing, the federal magistrate advised him of his constitutional rights, and during the Rule 11 colloquy, Mr. Gonzales acknowledged he understood the rights he was waiving in pleading guilty. Mr. Gonzales also acknowledged he made his plea knowingly and voluntarily and understood the charges against him. At one point, government counsel stated Mr. Gonzales faced a "maximum" penalty of ten years in prison on both counts and "a maximum penalty of ten years ... to [life] in prison"; thereafter, Mr. Gonzales stated to the magistrate that he understood the penalties which applied to both counts. Mr. Gonzales also agreed to the facts which the government stated the evidence would show concerning the charges against him.

After the magistrate accepted his plea agreement, a probation officer prepared a presentence report calculating his sentence under the applicable 2012 United States Sentencing Guidelines. The probation officer thoroughly outlined the facts supporting the charges to which Mr. Gonzales pled guilty and set his base offense level at 31 due to the amounts of methamphetamine and cocaine for which he was responsible. He then reduced Mr. Gonzales's offense level two

levels, because he was a minor participant, and an additional three levels for his acceptance of responsibility, for a total offense level of 26. This, together with a criminal history category of IV, resulted in an advisory sentencing range of 92 to 115 months imprisonment. However, because the mandatory minimum term of imprisonment on both counts was ten years, the probation officer noted the applicable Guidelines sentence was 120 months imprisonment.

Mr. Gonzales did not object to the facts in the presentence report or calculation of his sentence, including the requirement for imposition of the mandatory minimum sentence, and, at sentencing, his counsel verified the statutory minimum sentence was ten years. Accordingly, the district court imposed 120-month concurrent sentences.

## II. Discussion

After Mr. Gonzales filed a notice of appeal, his counsel filed an *Anders* motion and appeal brief, explaining a review of the record revealed no nonfrivolous issues to appeal in this case and moving for an order permitting withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support of her *Anders* filing, counsel notes Mr. Gonzales voluntarily entered a plea of guilty and was sentenced to statutory, mandatory minimum sentences, leaving no issues supporting an appeal. In an effort to find any issues of merit, counsel points to an error during the Rule 11 colloquy in which government counsel mis-spoke and stated the mandatory "maximum" sentence, rather than the "minimum" sentence,

was ten years, which she also points out the magistrate failed to correct. Even with such an error, however, she acknowledges no plain error exists, given Mr. Gonzales was correctly informed the sentence was ten years to life and nothing in the record suggests he would not have pled guilty had the error not occurred. In addition, Mr. Gonzales's counsel notes "the United States Judiciary Committee is scheduled to meet to discuss mandatory minimum sentencing reform" and "Attorney General Eric Holder has introduced a policy for federal prosecutors to charge certain offenders in a manner that will avoid the minimum sentences." Nevertheless, she acknowledges "[t]he policies that are set forth in the Attorney General memorandum do not confer any rights, privileges, or benefits in any case or proceeding" and that the district court was bound to issue a minimum sentence of 120 months in the instant case.

Pursuant to *Anders,* this court gave Mr. Gonzales an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Gonzales filed a response contesting his conviction by disagreeing with certain facts presented in the presentence report which he suggests incorrectly implicate him in "Direct Heavy Weight drug activity." While he admits he possessed the methamphetamine at issue and was "in the wrong place at the wrong time," he contends neither the government nor the evidence shows he acted in a "Pattern of Compulsive agreed Criminal Activity, with an intent to indulge," was part of the conspiracy charged, or aided and abetted the conspirators. Therefore, he suggests his guilty plea has

no factual basis and further cursorily claims his guilty plea was both unknowing and induced by counsel rather than willingly made. The government has filed a notice of its intention not to file an answer brief in this appeal.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. While Mr. Gonzales's appellate counsel raises the possibility of issues affecting his guilty plea and sentencing, she admits (and we agree) nothing in the record rises to the plain error required. As she acknowledges, the accurate statutory range of ten years to life was announced at Mr. Gonzales's plea hearing, and nothing shows he would not have pled guilty had government counsel not mis-spoke by calling the ten-year mandatory minimum sentence his "maximum" sentence. With respect to any government policy on what charges to bring against certain defendants, it is clearly inapplicable to our consideration on appeal and, further, meritless. Here, the government sought charges which, by statute, require mandatory minimum sentences of ten years and from which the district court correctly did not deviate.

As to Mr. Gonzales's *pro se* arguments, the record shows he entered his guilty plea knowingly and voluntarily and, at his plea hearing, admitted to facts presented which were sufficient to support both the conspiracy and aiding and abetting drug charges against him. He also did not object at the sentencing hearing to the same or similar facts contained in the presentence report. His attempt to now challenge those facts on appeal is neither persuasive nor supported

by the record, and he has not shown why he failed to object to them earlier. Thus, our review establishes no nonfrivolous basis for challenging the sentences imposed. Instead, the record clearly supports the district court's imposition of the mandatory ten-year sentences.

## III. Conclusion

For these reasons, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge